**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-07-924-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Roy Albert Ottinger, II, | ) | |
| Defendant. | ) | |

On May 21, 2009, the undersigned Magistrate Judge discovered that the Judgment, docket # 21, entered in this criminal case on January 22, 2008, did not include the one-year term of supervised release and the various conditions ordered at Defendant's January 29, 2008 sentencing. (docket # 28 at 28; transcript of sentencing) This omission was clearly a clerical error within the meaning of Rule 36, FED.R.CRIM.P., for which this Court accepts ultimate responsibility.

On May 5, 2009, the Court appointed new counsel for Defendant and issued an Order to Show Cause that Defendant, through his new counsel, show cause in writing why the Judgment herein should not be amended to include the one-year term of supervised release, the standard conditions of supervision adopted by this Court in General Order 05-36,

and the special conditions actually imposed at time of the January 29, 2008 sentencing. After granting Defendant additional time to respond, Defendant filed his formal Response, "advis[ing] the court that he makes no objection to the proposed amendment of the Judgment In A Criminal Case . . . to include the specific term of supervised release and the special conditions announced orally at the time of sentencing, January 22, 2008, at pages 28-30 of the sentencing transcript." (docket # 37)

The Court finds that Judgment may be properly amended to be consistent with the Court's oral pronouncement of Defendant's sentence in open court at time of sentencing. Rule 36, FED.R.CRIM.P.[1]; *United States v. Goodwin*, 15 Fed.Appx. 511 (9th Cir. 2001); *United States v. Carr*, 421 F.3d 425, 432-433 (6th Cir. 2005) (Rule 36 "authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing.").

Good cause appearing and there being no objection by Defendant,

**IT IS ORDERED** that the Judgment herein is hereby amended to include the one-year term of supervised release, the standard conditions of supervision adopted by this Court in General Order 05-36, and the special conditions actually imposed at the time of the January 29, 2008 sentencing. The Amended Judgment shall be a separate document.

**IT IS FURTHER ORDERED** that Defendant's supervising probation officer shall promptly provide actual notice and a copy of this Order and the Amended Judgment

---

[1] Rule 36 Clerical Error
After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

1 | to the Defendant.

**IT IS FURTHER ORDERED vacating** the Order to Show Cause hearing set for August 10, 2009 at 11:00 a.m. before the undersigned.

DATED this 10th day of July, 2009.

Lawrence O. Anderson
United States Magistrate Judge